IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

JUSTIN ROY CONNOR and )
FELICIA BALDWIN CONNOR, )
                Plaintiffs, )
 )
v. )       Case No. CPU4-14-001279
 )
DALE E. MARTIN, Jr., )
                Defendant. )

Submitted: August 1, 2014
Decided: August 8, 2014

Donald L. Gouge, Jr.
800 N. King Street, Suite 303
Wilmington, DE 19801
*Attorney for Plaintiffs*

Justin P. Callaway, Esquire
222 Delaware Avenue, 11th Floor
Wilmington, DE 19801
*Attorney for Defendant*

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Dear Mr. Gouge and Mr. Callaway:

Plaintiffs Justin Roy Connor and Felicia Baldwin Connor (referred to collectively herein as "Connors") initiated this negligence-property action on May 20, 2014. In its Complaint, Connors allege that they entered an agreement with Cynthia A. Jenison ("Jenison") for the purchase of real property located at 518 Holly Knoll Road in Hockessin, Delaware (the "Property"). Jenison also presented a Sellers' Disclosure, which stated that the property was serviced by public sewer. According to Connors, Jenison made this representation based on a home inspection conducted by Defendant Dale E. Martin, Jr. ("Martin").[1] Plaintiff alleges that the Property is in fact serviced by a septic system which is defective and must be replaced at a

---

[1] In the Complaint, Connors note that the report prepared by Martin first states that the Property was serviced by "Public Sewer System," but later indicates that the inspection is not required to determine if the water supply and waste disposal system was serviced by public sewer. Complaint at ¶¶ 9, 10.

cost of $23,000.00. Connors set forth three causes of action: (1) negligence, (2) breach of contract, and (3) negligent misrepresentation.

On June 24, 2014, Martin filed a Motion to Dismiss pursuant to *Court of Common Pleas Civil Rule* 12(b)(1) and *Rule* 12(b)(6). A hearing on the Motion was held on August 1, 2014, and the Court heard oral argument from both parties. At the conclusion of the hearing, the Court reserved its decision.

It is Martin's position that the negligence claim is barred by Delaware's economic loss doctrine. Martin also maintains that this Court lacks jurisdiction to hear the claim for negligent misrepresentation since the Court of Chancery has exclusive jurisdiction over such actions. As to the breach of contract claim, Martin contends that the agreement between Martin and Jenison was made before the Connors came into the picture as potential buyers of the Property; thus, there was no privity of contract between Connors and Martin, and Connors were not an intended third-party beneficiary of the agreement between Martin and Jenison.

It is Connors' position that dismissal is premature and discovery is needed to determine whether the claim for negligence falls within an exception to the economic loss doctrine. As to the negligent misrepresentation action, Connors represented that they may amend the Complaint to pursue the claim under the Consumer Fraud Act, which is within this Court's jurisdiction. Finally, Connors argue that the breach of contract claim should not be dismissed because Martin is, in fact, a third-party beneficiary.

## DISCUSSION

In considering a motion to dismiss, the Court must assume that all well-pleaded facts in the complaint are true.[2] "A complaint will not be dismissed unless plaintiffs would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof."[3]

### a. Count I: Negligence and the Economic Loss Doctrine

The economic loss doctrine prevents recovery in tort where only economic loss is alleged.[4] "'Economic loss' includes "damages for inadequate value, costs of repair and replacement of the defective product.'"[5] Here the economic loss doctrine applies because Connors assert a negligence claim against Martin, and seek the cost of repair and replacement of the allegedly defective sewer.[6] However, an exception to the economic loss doctrine, set forth in the *Restatement (Second) of Torts* § 552, has been utilized by Delaware courts.[7] To bring a claim for economic loss under the § 552 exception, the plaintiff must prove two elements: (1) that the defendant supplied the information to the plaintiff for use in business transactions with third parties, and (2) that the defendant is in the business of supplying information.[8]

Even considering all facts in the Complaint as true, there is nothing in the facts presented that brings the negligence claim within the purview of the § 552 exception. The Complaint does not indicate, and Connors have not otherwise suggested, that the sewage system information was conveyed to Connors for their use in transactions with other parties. In fact, it is abundantly

---

[2] *Battista v. Chrysler Corp.*, 454 A.2d 286, 287 (Del. Super. 1982).

[3] *Nix v. Sawyer*, 466 A.2d 407, at 410 (Del. Super. 1983) (citation omitted).

[4] *Danforth v. Acorn Structures, Inc.*, 608 A.2d 1194, 1195 (Del. 1992).

[5] *Palma, Inc. v. Claymont Fire Co., No. 1, et al.*, 2009 WL 3865395, at *1 (Del. Super. Nov. 18, 2009)(quoting *Danforth, .*, 608 A.2d 1194, 1196 n. 3)).

[6] Complaint at ¶ ¶ 13, 20.

[7] *See Restatement (Second) of Torts § 552* (1977); *see also Palma, Inc.*, 2009 WL 3865395, at *1 (Del. Super. Nov. 18, 2009).

[8] *Riverbend Community, LLC v. Green Stone Engineering, LLC*, 2012 WL1409013, at *4 (Del. Super. April 4, 2012).

3

clear that the information was supplied from Martin directly to Janison for *her* use in transactions with third parties. Thus, Connors has not pled facts necessary to demonstrate an exception to the economic loss doctrine. Accordingly, Martin's Motion to Dismiss as to Count I for negligence is **GRANTED**.

### b. Count II: Negligent Misrepresentation

Claims for negligent misrepresentation lie squarely within the exclusive jurisdiction of the Court of Chancery.[9] "In addition to developing the concept of claims for negligent or innocent misrepresentation, the Court of Chancery has retained exclusive, rather than concurrent, jurisdiction over such causes of action." However, "[t]he one exception to the exclusive jurisdiction of the Court of Chancery would be cases where the negligent misrepresentation claim is raised in the context of the Consumer Fraud Act."[10]

The facts as they exist do not set forth a cause of action in the context of the Consumer Fraud Act. This Court lacks jurisdiction as to Count II for negligent misrepresentation. Accordingly, Martin's Motion to Dismiss as to Count II for negligent misrepresentation is **GRANTED** without prejudice. Connors may seek to amend their Complaint to assert a claim in the context of the Consumer Fraud Act, or alternatively, Connors may seek to transfer Count II to the Court of Chancery pursuant to 10 *Del. C.* § 1902.

### c. Count III: Breach of Contract

Generally, a person not in privity of contract can only recover where the contract was made for his or her benefit.[11] To seek recovery as a third-party beneficiary, the contracting

---

[9] *See Van Lake v. Sorin CRM USA, Inc.*, 2013 WL 1087583, at *11 (Del. Super. Feb. 15, 2013).
[10] *Iacono v. Barici*, 2006 WL 3844208, at *5 (Del. Super. Dec. 29, 2006).
[11] *Guardian Const. Co. v. Tetra Tech Richardson, Inc.*, 583 A.2d 1378, 1386 (Del. Super. 1990).

4

parties must have intended to confer a benefit on the third-party,[12] and the "beneficial effect . . . should be a material part of the contract's purpose."[13] In determining whether a third-party is an intended beneficiary of a contract, the Court must consider the language of the contract itself.[14]

Considering the facts set forth in the Complaint as true, the Court cannot, at this juncture, conclude that Connors were not intended third-party beneficiaries of the agreement between Martin and Janison. Although the Court is skeptical as to whether this claim will prevail after the parties have had an opportunity to review the relevant contract, further discovery is required before such a determination is made. Accordingly, dismissal as to Count III for breach of contract is **DENIED**.

## CONCLUSION

For the reasons discussed herein, Martin's Motion to Dismiss is **GRANTED** as to Count I for negligence, **GRANTED** without prejudice as to Count II and **DENIED** as to Count III for breach of contract.

**IT IS SO ORDERED** this 8th day of August 2014.

_____
Sheldon K. Rennie
Judge

---

[12] *Delmar News v. Jacobs Oil Co.*, 854 A.2d 531, 534 (Del. Super. 1990).
[13] *Guardian Const. Co*, 583 A.2d 1378, at 1386.
[14] *Bromwich v. Hanby*, 2010 WL 8250796, at *2 (Del. Super. July 1, 2010).

5